UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-62072-CIV  COOKE/BANDSTRA

DHL EXPRESS (USA), INC.,

     *Plaintiff*,

v.

UNISHIPPERS GLOBAL LOGISTICS, LLC, *et al.*,

     *Defendants*.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss [D.E. 6].  For the reasons discussed below Defendant's Motion is granted.

### I. BACKGROUND

On November 10, 2008, DHL Express (USA), Inc. ("DHL") notified Unishippers Global Logistics, LLC ("Unishippers) that DHL would no longer be providing U.S. domestic shipping services effective December 10, 2008.  On November 18, 2008, Unishippers filed a complaint against DHL in federal court in Utah ("the Utah litigation").[1]  The Utah litigation centers around Unishippers' contention that DHL does not have the right to discontinue providing domestic shipping services to Unishipers and its franchisees under the operating agreement between the parties ("the agreement").  (*See generally* Def.'s Mot. to Dismiss, Ex. 1 (Complaint from the Utah litigation) [D.E. 6]).  On December 9, 2008, the Utah District Court granted Unishippers' request for a preliminary injunction which prevented DHL from ceasing domestic services to

_____

[1] The Utah litigation is pending in the District of Utah and is styled Unishippers Global Logistics, LLC v. DHL Express (USA), Inc. (Case No. 08-cv-00894).

Unishippers and its franchisees.

On December 26, 2008, DHL filed its complaint in this case.  DHL's primary assertion is that Unishippers and its franchisees have failed to pay DHL for services rendered under the agreement.  (*See generally* Compl. [D.E. 1]).[2]  Additionally, DHL is seeking declaratory relief to determine whether DHL may stop transacting business with Unishippers and its franchisees on a credit basis and place them on a cash only status.

## II. DISCUSSION

Unishippers moved to dismiss this action arguing that the issues in this case and those in the Utah litigation are similar enough to trigger the application of the federal common law doctrine know as the "first-filed" rule.  Under the "first-filed" rule, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption" that all claims should be heard in the forum of the first-filed suit.  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).  Once the moving party establishes that the issues and parties are "overlapping," any "party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule."  *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).  The first-filed rule is premised on judicial economy, comity amongst the district courts, and the desire to avoid potentially conflicting rulings.  *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988).

---

[2] DHL's complaint sets forth six causes of action: (1) breach of contract, (2) tortious interference with contract, (3) tortious interference with prospective economic advantage, (4) account stated, (5) open account, and (6) declaratory relief.

### III. ANALYSIS

This case is not a straight forward breach of contract action separate and apart from DHL's decision to cease U.S. domestic operations.  A close examination reveals substantial overlapping and interrelated issues between the Utah litigation and this case. The breach of contract issue, as well as the other counts in DHL's complaint, are inexorably intertwined with the Utah litigation.[3]

The extent of the overlap between the two cases is revealed in DHL's Motion in Opposition to Unishippers' Motion to Enforce the Preliminary Injunction.  DHL argued, to the Utah District Court, that "DHL has not been paid, notwithstanding Unishippers' representations to this Court . . . to the contrary."  (Def.'s Mot. to Dismiss, Ex. 8 (DHL's Mem. in Opp'n to Unishippers Mot. to Enforce Prelim. Inj.) [D.E. 6]).  DHL's Motion asserted that "since the Court issued the [preliminary injunction] on December 9, Unishippers' franchisees have stopped or substantially reduced their payments to DHL." *Id.*  DHL concluded by arguing that it was suffering substantial harm due to Unishippers' non-payment, and requesting the court's permission to place Unishippers on a "cash basis only" status.  *Id.*  This is the precise question that DHL has presented to this Court for declaratory judgment.  Moreover, DHL's veiled allusions that Unishippers is the cause of its its franchisees' non-payment is the essence of DHL's tortious interference claims alleged in this case.

---

[3] For example, DHL has alleged that "Unishippers and its franchisees have refused to make any payments since December 13, 2008."  (Compl. ¶ 15 [D.E. 1]).  Since DHL initially planned to cease domestic operations as of December 10, 2008, the only reason that DHL was even providing services to Unishippers at the time of the alleged breach is because of the preliminary injunction issued by the Utah Court.

### IV. CONCLUSION

I find that the parties and issues involved in the Utah litigation and in this case are sufficiently similar and overlapping so as to warrant the application of the first-filed rule.  I further find that DHL has not met its burden in proving the existence of compelling circumstances to overcome the presumption in favor of dismissal of this action at this time.[4]  The issues and allegations presented in this case are more properly litigated before the Utah District Court where the litigation between these parties was filed first. It is

        **ORDERED AND ADJUDGED** as follows:

        1.      This case is **DISMISSED WITHOUT PREJUDICE**.

        2.      The Clerk shall **CLOSE** this case.

        3.      All pending motions are denied as moot.

        **DONE AND ORDERED** in Chambers, at Miami, Florida, this 27th day of August 2009.

_____

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*

---

    [4]  In the event that the Utah District Court does not permit DHL to include the allegations advanced in this case as counterclaims in the Utah litigation, DHL is at liberty to re-file its claims with this Court since this would change the "compelling circumstances" analysis.  This is not to suggest any particular outcome, but merely a recognition on the part of this Court that the analysis would be different in the event that DHL is unable to litigate its claims with the first-filed lawsuit.